IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James Shondell Graham, ) | |
| ) | Civil Action No. 8:14-3401-BHH-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Mike Dixon, Greenwood Sheriff's ) Department, and Tony Davis, ) | |
| ) | |
| Defendants. ) | |

The plaintiff is a pre-trial detainee at the Greenwood County Detention Center in Greenwood, South Carolina. In the above-captioned case, the plaintiff has brought suit against the Greenwood County Sheriff's Department, Sheriff Tony Davis, and Mike Dixon, a detective for the Greenwood County Sheriff's Department.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the plaintiff's arrest, which resulted in now-pending criminal proceedings in the Court of General Sessions for Greenwood County. The plaintiff alleges or contends: (1) on June 12, 2013, a warrant was "put out on" the plaintiff for armed robbery at a store called Los Dos Amigos; (2) the plaintiff was chased by the drug enforcement unit until he was arrested later that day; (3) on June 13, 2013, Detective Dixon interviewed the plaintiff with respect to the armed robbery charge; (4) the plaintiff stated that he had nothing to do with the armed robbery and was innocent; (5) the plaintiff was informed that he had been seen and heard bragging about what he had done; (6) Detective Dixon turned off the recorder, told the plaintiff that he (Dixon) knew that the plaintiff had not done it, but said that he (Dixon) needed some help; (7) Detective Dixon "came at [the

plaintiff] with a bribe" and stated that if the plaintiff helped him, the plaintiff would get "almost none" or little time; (8) Keltron Kelly was the person mentioned by Detective Dixon, but the plaintiff told Detective Dixon that he did not know Keltron Kelly; (9) Detective Dixon told the plaintiff that he would be sent to lock-up and that he could be in prison for a long time; (10) the plaintiff has been in the Greenwood County Detention Center more than 14 months and has seen his lawyer only twice; (11) Detective Dixon paid two informants to say that the plaintiff was bragging to them; and (12) one informant was paid $80.00 and the other informant was paid $100.00 for the information that resulted in the plaintiff's arrest (doc. 1 at 3). In his prayer for relief, the plaintiff seeks "justice" and two million dollars for pain and suffering and "false arrestment." (doc. 1 at 5).

The Public Index for the Greenwood County Clerk of Court website (http://publicindex.sccourts.org/Greenwood/PublicIndex/PISearch.aspx, last visited on Aug. 26, 2014) indicates that the plaintiff has been charged with possession of a weapon during a violent crime in Indictment No. 2013-GS-24-1507, car-jacking in Indictment No. 2013-GS-24-1506, armed robbery in Indictment No. 2013-GS-24-1505, possession of a weapon during violent crime "if not also sentenced to life without parole or death" in Indictment No. 2013-GS-24-1504, armed robbery in Indictment No. 2013-GS-24-1503, possession of a weapon during violent crime "if not also sentenced to life without parole or death" in Indictment No. 2013-GS-24-1502, and armed robbery with a deadly weapon in Indictment No. 2013-GS-24-1501. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of information on governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The plaintiff is a *pro se* litigant, and thus his pleadings are

accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although false arrest is a facially valid civil rights claim, see *Wallace v. Kato*, 549 U.S. 384 (2007), the plaintiff's claim for false arrest fails because the plaintiff was arrested pursuant to an arrest warrant issued on June 12, 2013 (doc. 1 at 3). *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the issuance of the indictments in the plaintiff's state court case precludes the plaintiff's claims of false arrest and malicious prosecution because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983.").

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2014); 1975 S.C.Att'y.Gen'l.Op. No. 47, 1975 WL 29204 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2014), (stating that only the Sheriff has the authority to hire or terminate employees of the Sheriff's

Department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); and *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table].

Moreover, the Greenwood County Sheriff's Department and Sheriff Davis are immune from suit for money damages under the Eleventh Amendment. *See Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

August 28, 2014                                          s/ Kevin F. McDonald
Greenville, South Carolina                               United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).