IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Shondell Graham, ) | Civil Action No.: 8:14-3401-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Mike Dixon, Greenwood Sheriff's ) | |
| Department, and Tony Davis, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Shondell Graham ("Plaintiff"), a pre-trial detainee at the Greenwood County Detention Center proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 against Defendants Mike Dixon and Tony Davis ("Defendants") alleging violations of his constitutional rights. (ECF No. 1) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation. Magistrate Judge McDonald recommends that the court dismiss this case without prejudice and without issuance and service of process. (ECF No. 10). The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them without recitation.

## **BACKGROUND**

Plaintiff filed this action against Defendants alleging *inter alia* that he was falsely arrested and slandered in June of 2013. On August 28, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this case be dismissed without prejudice and without issuance and service of process. (ECF No. 10.) On September 12, 2014, Plaintiff filed a document titled "Object to Report and Recommendation for

Dismissal."  (ECF No. 12.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

Plaintiff objects to the dismissal of his case.  After a careful review of Plaintiff's objections, it is fair to say that the Plaintiff does not make any specific objections to the Report and Recommendation.  Rather, the Plaintiff's brief response to the Report and Recommendation merely rehashes the same allegations raised in his complaint.

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's objections and has made a *de novo* review of the entire Report and Recommendation and

finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law . Upon review, the Court finds Plaintiff's objections have no merit and are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

September 19, 2014
Greenville, South Carolina